Hinman, J.
This is an action upon one of the stock notes, *335 as they are called, of the Protection Insurance Company, against one of its stockholders. It was given for the second installment on fifty shares of the company stock, held by the defendant, and was to be paid as required, within thirty days after demand.
The plaintiffs are entitled to judgment unless there is something set up in the notice and found by the court which amounts to a defense to the claim. The promise is admitted to be valid, and there is no claim that it has been discharged or in any way satisfied. But the defendant insists that the suit was brought and is prosecuted for the benefit of third persons, to whom the claim has been improperly assigned, and that, as a stockholder in the corporation, he has an interest in the effects, to see that they are properly applied for its benefit, which entitles him to make this defense. He does not attempt to do this by wav of a dilatory plea, in which case a judgment in his favor would not bar another suit upon the claim, but he insists upon the facts set up in his notice as a full defense to the suit. If he could succeed in thus defeating the suit, it is quite obvious that he would cause himself to be forever discharged from a valid obligation to pay a large sum of money, without any consideration whatever. This of course can not be done. The facts on which he relies are irrelevant to the issue. If, as a stockholder, the defendant wishes to prevent the misappropriation of the company funds, his remedy is in chancery, if any where. His right, if he has any, is common to all the stockholders, and should be enforced for the benefit of all. The plaintiffs are entitled to the money due them, and whether they shall retain it, or pay it over to the persons to *whom it is said they have [ *411 ] assigned the claim, is not material on the question whether it is due or not. And the only question here is, does the defendant owe the amount claimed or any part of it, not what will be done with the money when paid. The authorities cited by the defendant’s counsel, therefore, have no application to the case, and the superior court having ruled in conformity to these views, a new trial is not advised.
In this opinion the other judges concurred.
New trial not advised.